UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NO: CIVIL_____

BILLY WAYNE HEDGEPETH,    }
                          }
            Plaintiff,    }
                          }
                          }        **COMPLAINT**
      vs.                 }        (MEDICAL NEGLIGENCE)
                          }
UNITED STATES OF AMERICA, }
                          }
            Defendant.    }
                          }

1. The claims in the complaint arise under 28 U.S.C. 1346 (b), sections 2671-80, and 10 U.S.C. sections 1071-79 (Federal Tort Claims Act or FTCA).

2. The Defendant's conduct described below occurred in this judicial district.

3. Billy Wayne Hedgepeth (hereinafter "Plaintiff") is a citizen and resident of Lenoir County, North Carolina.

4. As a veteran and former military member, the Plaintiff was entitled to and did receive medical care at the VA hospital in Greenville, North Carolina, located at 401 Moye Boulevard, Greenville, NC, as well as the VA Medical Center in Hampton, Virginia.

5. That the Plaintiff was seen for his medical care by the VA Hospital, its agents, and employees from prior to 2019 through the present, and that the Department of Veteran's Affairs was responsible for the Plaintiff's care, including, but not limited to, the care for his prostate issues.

6. That as a direct result of the Greenville VA Hospital's negligent medical care by and through its employees, agents, and borrowed servants described herein, in 2023 Plaintiff was diagnosed with advanced prostate cancer.

7. Plaintiff timely and properly filed with the Department of the Army an administrative claim pursuant to FTCA.

8. As evidenced by the attached letter (Exhibit 1), the Department of the Army acknowledged receipt of these claims on November 28, 2023.

9. As evidenced by the attached letter (Exhibit 2), the Department of the Army acknowledged on April 4, 2025 that it had determined that the VA denied liability for their failure to timely diagnose and treat Plaintiff's prostrate cancer.

10. Based on procedural history, Plaintiff has complied with all conditions and requirements of the FTCA and has filed in a timely and proper manner this action to recover damages for Plaintiff's injuries.

11. Although the Plaintiff has complied with the requirements of N.C. Gen. State section 1A-1, Rule 9(j) and N.C. Gen Stat. section 8C-1, Rule 702 (Reference cumulatively as Rule 9(j)), the Plaintiff preserves his objection and contention that these requirements are unconstitutional.

12. Rule 9(j) is unconstitutional under the Constitution of the United States of America and of the State of North Carolina. Rule 9(j) violates the open courts provision of the Constitution of North Carolina and the equal protection clause of the state and federal constitutions.

13. Subject to the objection and contention that Rule 9(j) is unconstitutional and invalid, the Plaintiff certifies that experts who are willing to testify and expected to qualify as experts under rule 702, who have reviewed the medical records of the Greenville VA Hospital and the Hampton VA Hospital have provided opinions that based on all the evidence currently available, the VA Hospital's medical and hospital care did not comply with the applicable standards of care as described herein.

14. If the Defendant were a private person, it would be liable under North Carolina Law to the Plaintiff, for the Plaintiff's injuries resulting from Greenville and Hampton VA Hospitals' negligent breach of the standard of care described herein.

15. Plaintiff has received care at the Greenville and Hampton VA Hospital and their affiliated clinics since at least 2019.

16. On December 14, 2020, the Plaintiff had normal PSA levels when his prostate was checked by the Greenville VA Hospital.

17. That on June 9, 2021, the PSA level of the Plaintiff was 7.6, and that after 8 months he was unable to sit down the pain was so severe.

18. That the Plaintiff presented with severe back pain and an enlarged prostate, and that Greenville VA did X-rays.

19. That as a direct and proximate cause of the delays in getting the Plaintiff diagnosed and treated, Plaintiff was told he had months to live.

20. That as a direct and proximate cause of the Greenville and Hampton VA Hospital's negligence, Plaintiff has had severe pain, and been told he has months to live.

21. By and through the Greenville and Hampton VA Hospitals and their employees, agents, and borrowed servants, the Defendant was negligent in the care provided to the Plaintiff by:

    a. Failing to properly and timely assess Plaintiff's elevated PSA levels.

    b. Failing to adequately document and report and respond to changes in the Plaintiff's conditions.

    c. Failing to promptly notify Plaintiff's physicians of increasing PSA levels;

d. Failing to implement appropriate medical care to address the elevated PSA levels documented during Plaintiff's medical care;

e. Failing to comply with standards of practice among health care providers with similar training and experience in the same or similar communities.

f. Failing to use their best judgment and exercise reasonable care and diligence in the care and treatment of the Plaintiff.

g. Failing to exercise reasonable care and diligence in the application of their knowledge and skill to Plaintiff's case.

h. Such other acts and omissions as discovery may show.

22. As a direct and proximate cause of the Defendant's negligence by and through the Greenville and Hampton VA Hospitals and their employees, agents, and borrowed servants as described herein, Plaintiff suffered severe physical and emotional pain and permanent disability, as well as a shortened life expectancy.

23. That the Plaintiff is entitled to recover the following damages:

a. Compensation for the Plaintiff's pain and suffering.

b. Present and Future medical expenses for care, treatment, and hospitalization due to the injury resulting from the negligence of the Defendant.

c. Loss of earnings of the Plaintiff.

24. Since the Department of Veterans Affairs has filed to make final payment of the claims within six (6) months of receipt of the claims, Plaintiff is entitled to recover compensatory damages in an amount in excess of $50,000.00.

25. Wherefore, Plaintiff demands judgment against the Defendant for: compensatory damages in an amount in excess of $50,000.00; costs, interest, and attorney fees as by law allowed; and such other and further relief as the Court deems appropriate.

26. Plaintiff demands such other relief as the Court deems just and appropriate.

THIS the 3rd day of October 2025.

HATLEY & FLOWERS, P.L.L.C.

BY: _____

Jessica Flowers, State Bar #54683
Angela M. Hatley, State Bar #20049
912 Hay Street
Fayetteville, NC 28305

*Attorney for the Plaintiff, Billy Wayne Hedgepeth*